DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a divorce decree issued by the Wood County Court of Common Pleas.
 {¶ 2} Appellant, Gerald D. Adler, and appellee, Kaylene S. Adler, were married in 1971. Four children were born as issue of this marriage, three of whom survive. As of this writing, all of the parties' children are emancipated.
 {¶ 3} The same year the parties were married, appellant obtained a bachelor's degree in accounting and began working for the firm which now continues to employ him. Appellee went to work at Bowling Green State University in 1969 as a data entry clerk. She eventually rose to supervise eight other data clerks before her retirement in 2000. She now receives a pension of approximately $24,000 annually, which she supplements with a part time job at $7 per hour. Appellant earns slightly less that $74,000 annually, but expects that to diminish under his employer's planned compensation reduction program.
 {¶ 4} On January 8, 2002, appellant sued for divorce, alleging that the parties were incompatible. Appellee did not contest incompatibility, but sought an equitable division of property, child support, spousal support and attorney fees. Prior to the final hearing, the parties agreed to a division of property. The matter proceeded to trial on the issues of determining the parties' incomes and support matters only.
 {¶ 5} Following a hearing before a magistrate, the magistrate found appellant's income to be $72,000. For appellee, the magistrate imputed $14,000 annual income which, added to her retirement, brought her total annual income to $38,000. On these findings, the magistrate ordered appellant to pay appellee $850 per month spousal support for 12 years and to pay $3,000 of appellee's attorney fees. Appellant's objections to the magistrate's decision were overruled by the trial court, which entered judgment in conformity with the decision.
 {¶ 6} From that judgment, appellant now brings this appeal, setting forth in two assignments of error his assertion that the court's award of spousal support and attorney fees was erroneous.
 {¶ 7} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
 {¶ 8} The decision of whether to award spousal support and attorney fees rests in the sound discretion of the court, Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 24; Layne v. Layne (1992), 83 Ohio App.3d 559,568, and will not be overturned on appeal absent an abuse of that discretion. An abuse of discretion is more than an error of judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In this matter, appellant argues not that the court did not consider the statutory factors, see R.C. 3105.18, but that the court failed to afford sufficient weight to factors which, if properly viewed, would dictate a higher imputed income to appellee. The result, appellant maintains, would be a reduction or elimination of her entitlement to spousal support and attorney fees. Specifically, appellant insists that even though appellee is now only making $7 an hour, some of her colleagues from BGSU went to work for a bank for, presumably, a higher hourly rate.
 {¶ 10} Imputation of income is not an exact science. The magistrate and the court could have reasonably concluded that a 55 year-old woman with only a high school education was not a likely top earner. Consequently, the court's decision to impute to her an hourly wage no greater than she was currently making was not unreasonable, arbitrary or unconscionable. That conclusion means that the court's determination of the parties' annual incomes was also reasonable. Given the disparity of the earning capacities represented here and considering the other statutory factors, we find no abuse of discretion in the court's decision to award spousal support, the amount of the support, or attorney fees. Accordingly, both of appellant's assignments of error are not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant, pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J.